# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
The Estate of ROBERT WILLIAM  \*
VAN KEUREN, Decedent, by and  \*
through ROBERT HAMMIE VAN  \*
KEUREN and SALLY VAN  \*
KEUREN, as co-Personal  \*
Representatives,  \*
    \*  No. 17-636
    Petitioners,  \*  Special Master Christian J. Moran
    \*
v.  \*  Filed: January 8, 2019
    \*
SECRETARY OF HEALTH  \*  Attorneys' Fees and Costs
AND HUMAN SERVICES,  \*
    \*
    Respondent.  \*
* * * * * * * * * * * * * * * * * * * * *

Diana L. Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioners;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in

Petitioners, Robert Hammie Van Keuren and Sally Van Keuren, personal representatives of the estate of Robert William Van Keuren, prevailed in their claim brought in the National Childhood Vaccine Compensation Program. They are now seeking an award for attorneys' fees and costs. Petitioners are awarded $30,715.66. The basis for the award and reduction are listed below.

\*   \*   \*

On May 15, 2017, Robert William Van Keuren, filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.,* for injuries sustained from an influenza ("flu") vaccination administered on February 29, 2016, causing Mr. Keuren to suffer Guillain-Barre Syndrome ("GBS") and ultimately resulted in his death.[2] The parties submitted a joint stipulation that was incorporated by a decision awarding petitioners compensation in the amount of $150,000.00. Decision, issued September 27, 2018.

On October 22, 2018, petitioners filed a motion for attorneys' fees and costs. ("Fee App"). The motion seeks a total of $30,935.56, comprised of $29,640.20 in attorneys' fees and $1,295.36 in attorneys' costs. Id. at 1-2. In compliance with General Order No. 9, petitioners filed a signed statement indicating that no costs were personally incurred. Id. at 2.

On October 23, 2018, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

---

accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] On February 5, 2018 petitioners filed a motion to amend the caption of the case as the originally named petitioner, Robert William Van Keuren, passed away on November 6, 2017. The motion was granted by the undersigned on February 8, 2018. Order dated February 8, 2018.

On October 26, 2018, petitioners filed a reply to respondent's motion. Petitioners dispute respondent's position that he has no role in resolving attorneys' fees and costs and further reiterate their view that the requested attorneys' fees and costs in this case are reasonable. Reply at 4.

The matter is now ripe for adjudication.

\* \* \*

Because petitioners received compensation, they are entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A. <u>Reasonable Hourly Rates</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request compensation for attorneys Diana Stadelnikas and Altom Maglio, and the paralegals who assisted with this case. For Ms. Stadelnikas, petitioners request the rates of $359 per hour for work performed in 2016, $372 per hour for work performed in 2017 and $396 per hour for work performed in 2018. For Mr. Maglio, petitioners request the rate of $381 per hour for all work

performed. As these rates are in accordance with those previously awarded to Ms. Stadelnikas and Mr. Maglio, I find them reasonable and will award them in full. Regarding the paralegals, petitioners request rates between $135 - $148 per hour for all work performed. I find these rates reasonable and award them in full.

      B.    <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. <u>See</u> <u>McIntosh v. Sec'y of Health & Human Servs.</u>, 139 Fed. Cl. 238 (2018)

The undersigned finds it reasonable to reduce petitioners' fees award due to time billed for work considered administrative. Paralegals billed 1.50 hours for administrative tasks such as organizing, finalizing documents, and reviewing correspondence. Pet. App., Ex 1 at 8-11, 13, 15 and 17. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. <u>Rochester v. United States</u>, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"). The undersigned reduces the fee application for administrative time in the amount of **$219.90**.

      C.    <u>Costs Incurred</u>

Petitioners request a total of $1,295.36 in attorney's costs, consisting of costs expended for medical records, filing fees, and postage. <u>Pet. App.</u> Ex 2 at 1. Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994).

After reviewing the documentation, the undersigned finds all costs are reasonable. The undersigned finds no cause to reduce petitioners' request for attorney costs and awards the full amount sought.

      D.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$30,715.66** (representing $29,420.30 in attorneys' fees and $1,295.36 in costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Ms. Diana Stadelnikas, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.